## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**JOHN F. ESCOBAR,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-63-Orl-KRS**

**ORLANDO BREWING PARTNERS, INC.,**
**ROBERT M. BERNYS, AUDRA BERNYS,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 33)
>
> **FILED:** October 25, 2005
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

### I. INTRODUCTION.

Defendant Audra Benrys moves for summary judgment in this Fair Labor Standards Act (FLSA) case on the ground that she never had sufficient control or authority over the plaintiff or his job duties to merit personal liability under the Act.

**II.    FACTUAL AND PROCEDURAL BACKGROUND.**

On January 11, 2005, Plaintiff John F. Escobar filed a complaint against Orlando Brewing Partners, Inc., Robert M. Bernys, and Audra Bernys (now Jants),[1] alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. Doc. No. 1. On March 10, Defendants Bernys and Jants served an answer asserting a number of affirmative defenses. Doc. No. 16. On April 8, the Clerk of Court entered a default against Orlando Brewing Partners. Doc. No. 20.

On April 28, 2005, the parties filed consents to proceed before a United States Magistrate Judge and the case was reassigned to me. Doc. Nos. 23, 24. On October 25, Jants filed the present motion for summary judgment. Doc. No. 33. Pursuant to the Case Management and Scheduling Order entered in this case, the deadline for responding to motions for summary judgment was set at thirty days from the date of service of the motion. Doc. No. 25. Therefore, the response to this motion was due November 25. Because no opposition was filed by that date, I will treat the motion for summary judgment as unopposed.

Jants avers that her former husband, Robert Bernys, formed Orlando Brewing Partners, Inc. in August 2002, with John Misturak. Doc. No. 33, aff. of Audra Jants ¶ 2. Jants did not participate in forming the corporation. *Id*. Around August 2003, Bernys sought permission to list Jants as a Vice President on various corporate documents, which permission was granted. *Id*. ¶ 3. Jants performed minor clerical duties, including writing checks drawn on the corporate account. *Id*. ¶ 5. She never

---

[1] For the sake of clarity, I will refer to Audra Benrys as "Jants," and Robert Benrys as "Benrys" throughout this order.

had authority to hire, fire, pay, or otherwise direct employees. *Id*. ¶ 6. In September 2004, Jants's name was formally removed from the corporate records. *Id*. ¶ 7.

At some point between Jants' appointment as vice president and August 2004, Bernys and Escobar entered an agreement whereby Escobar would do some work for Orlando Brewing Partners. *Id*. ¶ 4. Jants did not participate in making these arrangements and did not manage or direct Escobar's activities. *Id*. ¶¶ 4, 6. She did, however, write some checks to Escobar for work done. *Id*. ¶ 6.

### III.   STANDARD OF REVIEW.

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court explained:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. Catrett*, 477 U.S. 317, 322-23 (1986). "The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. . . . If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial." *Kitchings v. Fl. United Methodist Children's Home, Inc*., 393 F. Supp. 2d 1282, 1291 (M.D. Fla. 2005) (internal citations omitted).

Where a motion for summary judgment is unopposed, the court must still evaluate the legal arguments advanced and the evidentiary materials submitted. *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) (reversing and remanding in a civil forfeiture case after the district court granted an unopposed motion for summary judgment without addressing the merits of the motion).

**IV.    ANALYSIS.**

The FLSA provides that every employer shall pay at least the statutory minimum wage, and pay time and a half for every hour worked in excess of forty hours per week. 29 U.S.C. §§ 206(a); 207. Employer is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Subject to several exceptions, employee is defined as an "individual employed by an employer." 29 U.S.C. § 203(e).

This definition of employer includes both the corporate employer and individuals who act as employers in relation to employees. Therefore, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA . . . ." *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (citing *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). However, where a corporate officer has no activity that is "directly or indirectly in the interest of [the corporate employer] in relation to [the] employee," personal liability does not lie. *See* 29 U.S.C. § 203(d); *Patel* 803 F.2d at 638. "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Patel*, 803 F.2d at 638.

Thus, in *Patel* the district court concluded that the president, director, and principal stockholder of the employing corporation "did not take such an active role as to be held personally responsible" because he did not arrange contracts, manage day-to-day operations, or oversee employee compensation. *Id*. at 638. The Eleventh Circuit upheld this finding. *Id*.

Here, the evidence on record indicates that Jants was an officer in name only. She did not direct the day-to-day operations of the business, did not set employee schedules, did not contract with vendors or employees, and could not hire or fire employees. Her entire contact with the business was limited to writing checks on the corporate account. While she wrote checks for Escobar, there is no evidence that she had any authority to determine whether he should be paid or the amount to be paid. In other words, she had little or nothing to do "in relation to" Escobar as an employee. 29 U.S.C. § 203(e). Because Jants had so little to do with the operation of the business, I conclude that she "did not take such an active role as to be held personally responsible" for any alleged violations of the FLSA. *Patel*, 803 F.2d at 638.

Because Jants is not an employer for purposes of the FLSA, there is no genuine issue of material fact that would preclude entry of summary judgment as to her. Therefore, Jants's motion for summary judgment is **GRANTED**.

**DONE** and **ORDERED** in Orlando, Florida on December 5, 2005.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties